IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| DAVID BANKSTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> JOEL MYERS, DO, CIV, Individually and ) <br> as Agent, Servant or Employee of ) <br> NAVAL HOSPITAL BEAUFORT and ) <br> THE UNITED STATES OF AMERICA, ) <br> NAVAL HOSPITAL BEAUFORT, a ) <br> Political subdivision of the Department of the ) <br> Navy and United States of America, ) <br> ) <br> ) <br> Defendants. ) <br> _____) | C.A. No. 9:20-cv-02584-DCN <br><br> **COMPLAINT** |

The Plaintiff above named, complaining of the Defendants herein, would respectfully show unto this Honorable Court as follows:

## GENERAL ALLEGATIONS

1.  The Plaintiff is a citizen and resident of Beaufort County, South Carolina and was at all times hereinafter mentioned the patient of the Defendants, Dr. Joel Myers and Naval Hospital Beaufort a political subdivision of the Department of the Navy and the United States of America.

2.  The Plaintiff brings this medical malpractice action against the Defendant, United States of America pursuant to the Federal Tort Claims Act, 28 USCA Section 1346(b). The Court has jurisdiction over this matter pursuant to 28 USCA Sections 1331 and 1346(b).

3.  Venue is proper pursuant to 28 USC Section 1402 and 32 CFR 750.32.

4.  Plaintiff timely submitted an Administrative Tort Claim to the United States Department of the Navy with a Standard Form 95, and it has been investigated and a denial issued

by the Department of the Navy on or about April 24, 2020. The Plaintiff has exhausted all administrative remedies.

5. The Defendant, Dr. Joel Myers, upon information and belief, if a citizen and resident of Beaufort County, South Carolina and was at all times mentioned, the surgeon who performed the right totally extra peritoneal laparoscopic inguinal hernia surgery on the Plaintiff on July 2, 2018 at the Naval Hospital Beaufort. Upon information and belief, Dr. Myers is either an independent contractor/ agent working at the Naval Hospital or is an employee of the Naval Hospital Beaufort/United States of America and was acting individually and as agent, servant or employee of Defendant, Naval Hospital/United States of America.

6. The Defendant, Naval Hospital Beaufort, is a political subdivision of the Department of the Navy and the United States of America and is located in Beaufort County, South Carolina. At all times hereinafter mentioned, the Defendant, Naval Hospital Beaufort, maintained facilities and employees to perform surgeries including the types of surgeries performed on Plaintiff on July 2, 2020.

7. The Defendant, Naval Hospital Beaufort as a political subdivision of the Department of the Navy and the United States of America is liable for the negligent actions or inactions of its agents, servants, or employees, including but not limited to Dr. Joel Myers and had a non-delegable duty to perform surgeries and other services within the standard of care.

8. At all times hereinafter mentioned, the Plaintiff, David Bankston was a patient of Dr. Joel Myers and the Naval Hospital Beaufort and was treated by its agents, servants and employees.

9. On or about July 2, 2018, the Plaintiff was scheduled for and underwent a right totally extra peritoneal laparoscopic inguinal hernia surgery performed by Dr. Joel Myers at the Naval Hospital Beaufort.

10. During the surgical procedure, the Defendant, Dr. Joel Myers, inappropriately placed the mesh used and placed over the open hernia and/or inappropriately fastened or attached

the mesh resulting in the mesh being densely adherent to the subcutaneous tissue as well as the spermatic cord at the level of the external ring causing Plaintiff significant pain and problems resulting from the inadequate and negligent surgery.

11. As a direct and proximate result of the aforementioned actions or inactions of the Defendant, Myers, individually and as agent, servant or employee of Naval Hospital Beaufort, the Plaintiff had to undergo a revision surgery and right orchiectomy which was performed by Dr. Stephen Fann at the Medical University of South Carolina on or about May 2, 2019.

12. Dr. Fann in his operative report noted that there were dense adhesions and incorporation of the mesh into the surrounding cord structures, a significant portion of the upper portion of the pampiniform plexus of veins as well as some arterial structures leading to the testicle.

13. These injuries were avoidable had Dr. Myers taken the time to appropriately place the mesh and perform the surgery in a safe manner within the standard of care.

### FOR A FIRST CAUSE OF ACTION
### (Medical Negligence)

14. The Plaintiff incorporates the allegations of paragraphs 1 through 13 as if set forth herein verbatim.

15. The Defendant, Dr. Myers and Naval Hospital Beaufort/United States of America by and through their agents, servants or employees owed a duty of due care to the Plaintiff. The Defendants breached that duty and were negligent, reckless, willful, wanton and/or grossly negligent in the following particulars:

    a. In failing to properly perform a right totally extra peritoneal laparoscopic inguinal hernia surgery on Plaintiff;

    b. In failing to properly place mesh during the hernia surgery;

    c. In failing to properly secure the mesh during the hernia surgery;

    d. In failing to recognize that the mesh placed in the wrong place and wrong layer in the abdomen;

      e.     In failing to intraoperatively check for injury or injuries due to placement of the mesh;

      f.     In failing to recognize and repair damage that was caused by his surgical technique, prior to closing;

      g.     In causing Plaintiff permanent injury including the loss of his right testicle;

      h.     In other ways as a judge or jury may determine or as may be proven at trial.

16. As a direct and proximate cause of the aforesaid negligence, reckless, willful, wanton and/or gross negligence of the Defendants the Plaintiff sustained personal injuries and damages including, but not limited to:

      a.  Medical expenses, both past, present and future;

      b.  Loss of income;

      c.  Pain and suffering past, present and future;

      d.  Loss of enjoyment of life;

      e.  Temporary and Permanent physical injuries;

      f.  Permanent injury including loss of his right testicle;

      g.  Mental anguish and anxiety;

17. The Plaintiff is entitled to actual damages and compensatory damages as may be awarded.

WHEREFORE, your Plaintiff prays for judgment against Defendants, in an amount of actual damages and compensatory damages for such other and further relief as the Court may deem just and proper.

{Signatures on following page}

BY: *s/ Harold A. Oberman*

    Oberman & Oberman
    60 Markfield Drive
    Suite 2
    Charleston, SC 29407
    (843) 577-7010
    (843) 722-7359 (Fax)

BY:  *s/ D. Bradley Jordan*

    D. Bradley Jordan
    Jordan Law Firm, P.C.
    P.O. Box 11785
    Rock Hill, SC 29731
    (803) 817-7999
    (803) 817-9704 (Fax)

ATTORNEYS FOR PLAINTIFF

July 1, 2020

Rock Hill, South Carolina